Receipt Number

577061

9

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

JASON M. MALIK

        Plaintiff,

-v-

SHERMETA, ADAMS & VONALLMEN, P.C.

        Defendant.

_____/

**Case: 2:08-cv-10537**
**Judge: Cook, Julian Abele**
**Referral MJ: Scheer, Donald A**
**Filed: 02-06-2008 At 12:36 PM**
**CMP MALIK V. SHERMETA ADAMS AND VON ALLMEN (DA)**

**JURY TRIAL DEMANDED**

**Adam S. Alexander (P53584)**
**The Alexander Law Firm**
18930 W 10 Mile Rd Ste 2500
Southfield, MI 48075
248-246-6353 [PH]
248-246-6355 [FX]
_____/

## PLAINTIFF'S COMPLAINT

### PARTIES

1. Plaintiff Jason M. Malik ("Mr. Malik") resides in Grand Rapids, MI.

2. Plaintiff Jason M. Malik ("Mr. Malik) is a consumer as defined by the Michigan Collection Practices Act M.C.L. § 445.251(d).

3. Jason Malik ("Mr. Malik") is a consumer as defined by the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

4. Defendant, Shermeta, Adams & Von Allmen ("Shermeta") is considered a "debt collector" as contemplated by the Fair Debt Collection Practices Act ("FDCPA").

5.  Defendant, Shermeta, Adams & Von Allmen ("Shermeta") is considered a "Person" and/or "Collection Agency" as defined by the Michigan Collection Practices Act, M.C.L. § 445.251(b)and(f).  Alternatively Defendant Shermeta, Adams & Von Allmen ("Shermeta") is considered a "regulated person" under the Michigan Collection Practices Act, M.C.L. § 445.251(g).

6.  Defendant – Shermeta is a "collection agency" under the Michigan Occupational Code M.C.L. §339.901(b)

7.  Defendant Shermeta is considered a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA").

## JURISDICTION

8.  This lawsuit is being brought pursuant to 15 U.S.C. § 1692 *et seq.,* presents a Federal question and as such, jurisdiction arises under 28 U.S.C. § 1331, 1337.

9.  Plaintiffs ask this Honorable Court to exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts that give rise to any Federal law claims under 28 U.S.C. §1367.

10. This lawsuit is being brought pursuant to the FDCPA and thus this court has jurisdiction under FDCPA 15 U.S.C. § 1692k(d).

## GENERAL ALLEGATIONS

11. Shermeta, Adams & Von Allmen is a Michigan Professional Corporation d/b/a Shermeta, Chimko & Kilpatrick, Shermeta and Adams P.C., Shermeta & Adams P.C. and Shermeta, Adams & Von Allmen, with its registered agent Douglas H. Shermeta, maintaining an office at 445 S LIVERNOIS STE 333, ROCHESTER HILLS,  MI  48307.

## FACTS

12. On or around November 13, 2007 Mr. Malik went to his Post Office box to retrieve his mail.

13. Upon Mr. Malik receiving his mail he had an envelope that was sent to him Certified Mail Return Receipt Requested.  This letter was from Defendant Shermeta and was a Summons and Complaint from the 7th Judicial District Court.

14. Mr. Malik does not reside in the Jurisdiction of the 7th Judicial District Court.  Moreover, Mr. Malik has not resided in the 7th Judicial District Court since January 2007.

15. Defendant Shermeta is aware of this as they sent Mr. Malik an initial dunning letter on or around July 2007 at Mr. Malik's previous address in Kalamazoo MI in the 8th Judicial District Court.

16. With regards to #15 Mr. Malik sent a timely debt validation request letter to Shermeta.

17. In the Complaint filed in the 7th Judicial District Court, Defendant stated that Plaintiff was within that Court's Jurisdiction.  That statement is not true and is thus false and misleading pursuant to the Michigan Collection Practices Act and the Fair Debt Collection Practices Act.

18. That Court did not have Jurisdiction over Mr. Malik and thus this is was a violation of the Fair Debt Collection Practices Act.

19. The same day Mr. Malik was served by Certified Mail he called Shermeta and informed them that the venue was improper and requested they dismiss the case or transfer it.

20. Mr. Malik also informed Shermeta that he wished to arbitrate the claims pursuant to the provisions in the card member agreement.

21. On or around November 28, 2007 Hon Judge T. Hentchel issued an Ex-Parte Order to Show cause why the case should not have been transferred to the proper jurisdiction of Mr. Malik the 61st District Court.

22. During the time from Judge Hentchel's Order until December 17th 2007 Shermeta did not stipulate with Mr. Malik to transfer or dismiss the case without prejudice, to re-file in his correct Jurisdiction.

23. Shermeta was fully aware that the 7th District was not the correct venue for Mr. Malik as they had him served in Grand Rapids approximately 68 miles north.

24. In response to the Order to Show Cause, Mr. Malik had to travel from Grand Rapids, MI to Paw Paw, MI to assert to Judge Hentchel that he already agreed that it was the wrong venue and Shermeta refused to Stipulate.

25. Upon transfer of the case to the 61st Judicial District on Judge Hentchel's Order Mr. Malik requested arbitration once again and Defendant refused.

26. In Defendant's Original Complaint they state that Plaintiff was within the 7th District Court's jurisdiction that was false and thus constitutes a violation.

**COUNT I**
**VIOLATIONS OF THE MICHIGAN COLLECTION PRACTICES ACT**

27. Plaintiff incorporates by reference all facts and allegations set forth in this Complaint.

28. Defendant has engaged in violations of the Michigan Collection Practices Act including but not limited to the following:

   A. Making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt or concealing or not revealing the purpose of a communication when it is made in connection with collecting a debt. In violation of M.C.L. § 445.252(c).

B. Misrepresenting in a communication with a debtor 1 or more of the following:

    i.   The legal status of a legal action being taken or threatened.

    ii.  The legal rights of the creditor or debtor.

29. Plaintiff has suffered damages as a result of Defendant's violations of the Michigan Collection Practices Act.

30. Defendant's actions were willful.

31. To the extent that Defendant's actions were not willful they were at least negligent.

## COUNT II
## VIOLATIONS OF THE MICHIGAN OCCUPATIONAL CODE

32. Plaintiff incorporates by reference all facts and allegations set forth in this Complaint.

33. Defendant has engaged in violations of the Michigan Collection Practices Act including but not limited to the following:

A. Making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt or concealing or not revealing the purpose of a communication when it is made in connection with collecting a debt. In violation of M.C.L. § 339.915(e).

B. Misrepresenting in a communication with a debtor 1 or more of the following:

    iii.  The legal status of a legal action being taken or threatened.

    iv.  The legal rights of the creditor or debtor.

BB. In violation of M.C.L. § 339.915(f) *et seq.*

C. Failing to implement a procedure designed to prevent a violation by an employee. In violation of M.C.L. § 339.915(q).

34. Plaintiff has suffered damages as a result of Defendant's violations of the Michigan Collection Practices Act.

35. Defendant's actions were willful.

36. To the extent that Defendants actions were not willful they were at least negligent

**COUNT III**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

37. Plaintiff incorporates by reference all facts and allegations set forth in this Complaint.

38. Defendant has engaged in violations of the Fair Debt Collection Practices Act including but not limited to the following:

A. Using false, misleading or unfair methods to collect a debt(s), in violation of 15 U.S.C. §1692e.

B. Making false representations of: a) the character, amount, or legal status of a debt(s); or b) any service rendered or compensation which may be lawfully received by Defendants for the collection of the debt(s), in violation of 15 U.S.C. §1692e(2).

C. Using false representations or deceptive means to collect or attempt to collect debt(s) or to obtain information concerning Plaintiff, in violation of 15 U.S.C. §1692e(10).

D. Using unfair or unconscionable means to collect or attempt to collect debt(s), in violation of the general prohibition in U.S.C., including, but not limited to attempting to collect of amounts not expressly authorized by the agreement creating the debt or permitted by law, 15 U.S.C §1692f(1).

E. Failing to send any validation notice, or a legal validation notice relating to the alleged debt(s) in violations of 15 U.S.C. §1692g(a).

F. Failing to bring suit in the Jurisdiction in where the debtor resides in violation of 15 U.S.C. §1692(i)(B).

G. Failing to cease collection attempts until the alleged debt is validated upon the request of the debtor in violation of 15 U.S.C. §1692

39. Plaintiff has suffered damages as a result of Defendant's violations of the Michigan

Collection Practices Act.

40. Defendant's actions were willful.

41. To the extent that Defendants actions were not willful they were at least negligent

## **CONCLUSION**

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter Judgment

in favor of Plaintiff for:

A.  Assume jurisdiction over all claims

B.  Actual Damages

C.  Statutory Damages

D.  Treble Damages

E.  Punitive Damages

F.  Attorneys fees and costs provided by statute

G.  And any other relief this Honorable Court deems just and proper.

Respectfully Submitted,

February 01, 2008

Adam S. Alexander (P53584)
The Alexander Law Firm
18930 W 10 Mile Rd Ste 2500
Southfield, MI 48075
248-246-6353

℠JS 44  (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Jason M. Malik | Shermeta, Adams and Von Allmen |

| (b)  County of Residence of First Listed Plaintiff    Kent | County of Residence of First Listed Defendant    Oakland |
|---|---|
| (EXCEPT IN U.S. PLAINTIFF CASES) | (IN U.S. PLAINTIFF CASES ONLY) |

**Case: 2:08-cv-10537**
**Judge: Cook, Julian Abele**
**Referral MJ: Scheer, Donald A**
**Filed: 02-06-2008 At 12:36 PM**
**CMP MALIK V. SHERMETA ADAMS AND VON ALLMEN (DA)**

(c)  Attorney's (Firm Name, Address, and Telephone Number)
Adam S. Alexander (P53584)
18930 W. 10 Mile Rd. Ste., 2500, Southfield, MI 48075

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1   U.S. Government Plaintiff

☒ 3   Federal Question (U.S. Government Not a Party)

☐ 2   U.S. Government Defendant

☐ 4   Diversity (Indicate Citizenship of Parties in Item III)

## III. C (For Diversity Cases Only) and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☒ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1  Original Proceeding

☐ 2  Removed from State Court

☐ 3  Remanded from Appellate Court

☐ 4  Reinstated or Reopened

☐ 5  Transferred from another district (specify)

☐ 6  Multidistrict Litigation

☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. 1692 et seq.

Brief description of cause:
Violations of the Fair Debt Collection Practices Act

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE

DOCKET NUMBER

DATE
2/6/08

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

. URSUANT TO LOCAL RULE 83.11

1.              Is this a case that has been previously dismissed?            ☐ Yes
                                                                              ☑ No

    If yes, give the following information:

    Court: _____

    Case No.: _____

    Judge: _____


2.              Other than stated above, are there any pending or previously     ☐ Yes
                discontinued or dismissed companion cases in this or any other    ☑ No
                court, including state court? (Companion cases are matters in which
                it appears substantially similar evidence will be offered or the same
                or related parties are present and the cases arise out of the same
                transaction or occurrence.)

    If yes, give the following information:

    Court: _____

    Case No.: _____

    Judge: _____


    Notes :